■ JOANNE MATAXAS, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants. [621 NYS2d 683] —In an action to recover damages, *inter alia,* for assault and sexual abuse, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered July 22, 1993, as denied the branch of their motion which was for summary judgment dismissing the second and third causes of action.

Ordered that the appeal of the defendant Larry Schram is

dismissed since he is not aggrieved by the portion of the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant North Shore University Hospital, on the law, the branch of the defendants' motion which is for summary judgment dismissing the second and third causes of action is granted and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendant North Shore University Hospital is awarded one bill of costs.

On December 23, 1990, the plaintiff was allegedly sexually molested by a technician employed by the defendant North Shore University Hospital (hereinafter the hospital) while she was undergoing a CAT scan. The plaintiff brought this action against the technician and the hospital, asserting three causes of action: the first to recover damages for assault and sexual abuse, the second to recover damages for the hospital's failure to safeguard the plaintiff, and the third to recover damages for the hospital's failure to adequately supervise the technician and for negligently hiring him. The defendants moved for summary judgment dismissing the complaint. They argued that the first cause of action was untimely and that the other causes of action should be dismissed because the hospital could not be held liable for the tortious acts of its employee. The Supreme Court dismissed the first cause of action as untimely, but it denied the motion with regard to the second and third causes of action.

The Supreme Court should have granted the motion in its entirety. Under the circumstances of this case, it is clear that the technician's alleged acts were committed, if at all, for purely personal motives and were an obvious departure from the normal duties of the technician (see, Riviello v Waldron, 47 NY2d 297, 302; Kirkman v Astoria Gen. Hosp., 204 AD2d 401). Therefore, as a matter of law, the hospital may not be held vicariously liable for the acts of the technician and the second cause of action for damages for the hospital's failure to safeguard the plaintiff should have been dismissed. Additionally, there is no evidence in the record to indicate that the hospital had any knowledge of the technician's propensity to commit the alleged acts (see, Kirkman v Astoria Gen. Hosp., supra; Detone v Bullit Courier Serv., 140 AD2d 278, 279). Accordingly, the third cause of action for damages for the hospital's negligent hiring of and failure to supervise the technician should have been dismissed. Sullivan, J. P., Miller, Copertino and Joy, JJ., concur.