■ JENNIFER RAY, Appellant, v COUNTY OF DELAWARE et al., Respondents. [657 NYS2d 808] —Mikoll, J. P. Appeal from an order of the Supreme Court (Mugglin, J.), entered July 29, 1996 in Delaware County, which granted defendants' motion for summary judgment dismissing the complaint.

The issue presented here is whether Supreme Court erred in granting defendants' motion for summary judgment dismissing plaintiff's complaint upon its finding that plaintiff failed to establish by credible evidence a basis for recovery against defendants.

Plaintiff sued defendant Delaware County Mental Health Clinic alleging negligence in the hiring and subsequent failure to supervise its employee Brian Hart, who served as plaintiff's social worker during the time she was undergoing counseling in the clinic and who, according to the complaint, took advantage of her weakened emotional and psychological condition by involving himself in a sexual relationship with plaintiff to her detriment. Plaintiff's complaint alleges defendants' fail-

ure to supervise Hart; failure to adopt and enforce a policy forbidding sexual and romantic involvement with clients by staff; failure to afford patients an adequate means to register complaints about their treatment; and failure to supervise the therapy relationship between plaintiff and Hart.

In answer to plaintiff's allegations of negligence, defendants interposed defenses of culpable conduct by plaintiff contributing to her damages, acquiescence by plaintiff in the acts complained of, assumption of risk by plaintiff which caused her injuries and, finally, the acts complained of were not the proximate cause of plaintiff's injuries. After discovery was completed, defendants moved for summary judgment.

In support of their summary judgment motion, defendants presented the affidavit of Stephen Dugan, the clinic supervisor, which indicated the process used in hiring Hart. He avers that neither the $1^1/_2$-hour personal interview with Hart nor the references relied on by defendants disclosed any past proclivity for sexual abuse of patients on Hart's part. In addition, Dugan verifies that Hart possessed all of the educational requirements for the job. The affidavit of William Masters, the supervising social worker at the clinic, indicated that he conducted weekly staff sessions with Hart in which assistance was offered to Hart. In addition, twice weekly staff meetings were held to discuss any problems with clients. Hart's chart notes on clients were reviewed regularly and no evidence of a problem was disclosed therein. As to the aspect of negligent supervision relating to defendants' failure to provide Hart with a written ethical code of conduct, Hart's pretrial testimony makes it clear that he had taken ethics courses and he fully understood the prohibition against a client-social worker relationship. Plaintiff's own pretrial deposition indicates that she was a nurse by training and was fully aware that a romantic/sexual relationship with her therapist was not appropriate. Further, she was aware that Hart was not in charge of the clinic and answered to supervisors. Her testimony indicated that she attempted to conceal the relationship. The affidavits of staff also indicated that the supervision of staff included an orientation by senior staff members; review and staff development of a treatment plan for each client which was approved by the staff psychiatrist; random utilization review was held within four months and mandatory review within two years of each patient's case; and attendance by staff at staff meetings was required. Joseph Mabon, Director of Mental Health in Wayne County, averred that the clinic was in conformance with standards of the social work profession in the years in question and that it was

granted an operating certificate accorded to it by the State Office of Mental Health.

A claim based on negligent hiring and supervision requires a showing that defendants knew of the employee's propensity to violate ethical conduct requirements between a treating therapist vis-à-vis the clients under his care or that defendants should have known of such propensity had they conducted an adequate hiring procedure (*see, Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762).

Once defendants establish by evidence a lack of foreseeability on their part and that their conduct conformed to the applicable standard of care, plaintiff was obliged to assemble and lay bare affirmative proof that genuine issues of fact existed as to defendants' negligence (*see, e.g., Hanover Ins. Co. v Washburn*, 219 AD2d 773).

Plaintiff in the instant matter failed to submit any proof that the procedures for hiring and supervising staff were violated by way of affidavits from witnesses who would put in issue the question of defendants' negligence in hiring and supervising their employee (*see, e.g., Romatowski v Hitzig*, 227 AD2d 870, *lv dismissed in part, lv denied in part* 89 NY2d 915). The mere interposition of a safeguard checklist to limit sexual exploitation by therapists, attributed to a licensed psychologist, was inadequate and the affidavit of plaintiff's counsel was also insufficient to raise a question of fact since he has no personal knowledge of the underlying facts. Finally, the pretrial discovery testimony of witnesses for the clinic, submitted by plaintiff, also fails to offer any credible material evidence to support plaintiff's cause of action.

Having failed to raise a material issue of fact, summary judgment was properly entered against plaintiff.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.