■ JOAN HONOHAN et al., Respondents, v MARTIN'S FOOD OF SOUTH BURLINGTON, INC., Doing Business as SUPER SHOP 'N SAVE, et al., Appellants. [679 NYS2d 478] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 7, 1997 in Warren County, which denied defendants' motion for summary judgment dismissing the amended complaint.

In this action, plaintiffs allege that defendant Martin's Food of South Burlington, Inc. was negligent in the hiring, training and supervision of its employee, Richard LaFarr, who served as a security officer at one of its grocery stores. On September 18, 1992, plaintiff Joan Honohan (hereinafter plaintiff) was taken into custody by LaFarr as a suspected shoplifter. Plaintiff claims that while in custody, she was physically and sexually assaulted by LaFarr. Initially, plaintiffs commenced an action against a different defendant, Hannaford Brothers Company, asserting causes of action alleging, among other things, the intentional torts of assault and false imprisonment. Following the dismissal of the prior action for failure to timely serve the complaint (*see, Honohan v Hannaford Bros. Co.*, 208 AD2d 1177), plaintiffs commenced the present action. Following joinder of issue, defendants moved for summary judgment dismissing the complaint upon the ground, among others, that

they neither knew nor should have known of LaFarr's propensity to commit the type of acts alleged by plaintiffs. Supreme Court denied the motion and defendants appeal.

We reverse. "A claim based on negligent hiring and supervision requires a showing that defendants knew of the employee's propensity to [commit the alleged acts] or that defendants should have known of such propensity had they conducted an adequate hiring procedure" (*Ray v County of Delaware*, 239 AD2d 755, 757; *see*, *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762, 763). Defendants supported their summary judgment motion with an affidavit of LaFarr's former supervisor, stating that LaFarr had prior experience working in the security field, that LaFarr's references were checked prior to his employment, that defendant never received any type of complaint regarding LaFarr and that LaFarr had received favorable employment reviews. We conclude that this factual showing satisfied defendants' initial burden of "mak[ing] a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

"Once defendants establish by evidence a lack of foreseeability on their part and that their conduct conformed to the applicable standard of care, plaintiff[s] [were] obligated to assemble and lay bare affirmative proof that genuine issues of fact existed as to defendants' negligence" (*Ray v County of Delaware, supra*, at 757; *see*, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *see also*, CPLR 3212 [b]). Here, plaintiffs failed to counter defendants' showing with any evidence of La-Farr's propensity to commit the alleged acts or that they knew or should have known of such propensity, instead relying on conclusory statements and rash speculation. Because plaintiffs failed to raise a genuine issue of fact, summary judgment should have been granted.

Cardona, P. J., Mikoll, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.