OPINION OF THE COURT
Francis A. Affronti, J.
Defendant, Westfall Health Care Center, Inc. (Westfall), moves for summary judgment dismissing plaintiffs complaint which alleges that on September 12, 1995, while a patient at Westfall, she was subjected to nonconsensual sexual contact by defendant John Horace (Horace), a nurse’s aide, employed by Westfall. The complaint sets forth causes of action against Westfall for negligent hiring and supervision of Horace as well as a claim that it was reckless in its employment and retention of him. The fourth and final cause of action pleaded against Westfall asserts that it was responsible for the protection of plaintiff based upon its entering “into a relationship with Plaintiff, as a patient.”
Westfall contends that it is not vicariously liable for Horace’s intentional tort because his conduct fell outside the scope of his employment. Additionally, Westfall alleges that it was not negligent in employing Horace because it conducted a background check which established that he had no history of sexual misconduct. The motion is supported by an attorney’s affirmation accompanied by Horace’s personnel file and selected portions of deposition testimony of Claudia Blumenstock, West-fall’s administrator from October 1993 until June 1996. Plaintiffs opposition is expressed in the form of an attorney’s affirmation which primarily relies on a newspaper article to buttress plaintiffs claim that Horace had a propensity for inappropriate sexual conduct of which Westfall should have had knowledge. A cross motion by plaintiff seeks leave to serve an amended complaint asserting a cause of action for breach of contract if not already properly pleaded.
*13 Unquestionably, Horace’s alleged actions were motivated wholly by personal reasons and occurred outside the scope of his employment. Therefore, Westfall is not vicariously liable for his misconduct (see, Judith M. v Sisters of Charity Hosp., 93 NY2d 932; Cornell v State of New York, 46 NY2d 1032; Mataxas v North Shore Univ. Hosp., 211 AD2d 762; Kirkman v Astoria Gen. Hosp., 204 AD2d 401; Mary KK. v Jack LL., 203 AD2d 840). There is no merit to plaintiffs argument that under the present facts there is a basis for imposing absolute tort liability against Westfall for Horace’s actions even if he was acting outside the scope of his employment (see, Adams v New York City Tr. Auth., 88 NY2d 116; Conte v Hospital for Joint Diseases, 31 AD2d 744).
Nevertheless, “where an employer cannot be held vicariously liable for its employee’s torts, the employer can still be held liable under theories of negligent hiring, negligent retention, and negligent supervision * * * [A] necessary element of such causes of action is that the employer knew or should have known of the employee’s propensity for the conduct which caused the injury” (Kenneth R. v Roman Catholic Diocese, 229 AD2d 159; see also, Ray v County of Delaware, 239 AD2d 755).
As the proponent of the summary judgment motion, Westfall has the initial burden of making a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of material issues of fact. Failure to meet this burden requires denial of the motion, regardless of the sufficiency of the opposing papers (see, Ayotte v Gervasio, 81 NY2d 1062; Alvarez v Prospect Hosp., 68 NY2d 320, 324).
To obtain summary judgment dismissing plaintiffs claims of negligence in the hiring, supervision, and retention of Horace, Westfall was specifically required to establish by competent evidence that its conduct conformed to the applicable standard of care such that its employee’s misconduct was not foreseeable (Honohan v Martin’s Food, 255 AD2d 627; Ray v County of Delaware, supra; see also, Judith M. v Sisters of Charity Hosp., 249 AD2d 890, affd 93 NY2d 932, supra). Only then is plaintiff obligated to assemble and lay bare affirmative evidence establishing an issue of fact.
Although the newspaper article submitted by plaintiff in opposition to the summary judgment motion constitutes inadmissable hearsay which must be disregarded (see, Young v Fleary, 226 AD2d 454), the motion must be denied because Westfall’s submissions are insufficient to meet its burden that, *14 as a matter of law, it exercised reasonable care in hiring, retaining, and supervising Horace (see, Judith M. v Sisters of Charity Hosp., 93 NY2d 932, supra; Pratt v Ocean Med. Care, 236 AD2d 380; see also, Andersen v Suska Plumbing, 246 AD2d 475; Giangrasso v Association for Help of Retarded Children, 243 AD2d 680; Corbally v Sikras Realty Co., 161 AD2d 107).
Ms. Blumenstock testified that a certified nurse’s aide is “responsible for hands on care to and for the resident [including] feeding and toileting and bathing.” The nature of those duties are such that Westfall was obligated to make an in-depth inquiry to assure that an applicant for the position does not have a history of sexual misconduct (see generally, Ford v Gildin, 200 AD2d 224, 226). Ms. Blumenstock’s testimony indicates that she had only a general familiarity with the hiring procedure at Westfall, and did not review Horace’s application or otherwise participate in the decision to hire him. Although she served a deposition notice months before defendant’s motion, plaintiff has not yet deposed Kathy Olschowsky who, Ms. Blumenstock stated, had ultimate responsibility for hiring nurse’s aides at Westfall. Furthermore, even assuming that Horace’s personnel file is documentary evidence which can be considered by the court on a summary judgment motion, it is similarly unavailing. The reference forms contained in the file are largely incomplete, indicating only who was contacted and the dates of employment, without any information or data whatsoever regarding Horace’s conduct as an employee. Additionally, on his application, Horace failed to answer the question whether he had “been convicted of a criminal offense and/or patient abuse/neglect.” While Horace’s certification as a nurse’s aide was in good standing at the time of his hiring, this fact alone is insufficient to entitle Westfall to summary judgment. Given the responsibilities of a nurse’s aide, Westfall’s submissions do not establish, as a matter of law, that it exercised reasonable care in conducting a background check prior to hiring Horace. Moreover, contrary to Westfall’s claim, it has not shown that he “had no history of, or propensity for, sexual misconduct.” Thus, the burden of coming forward with admissible evidence demonstrating the existence of a triable issue of fact never shifted to plaintiff (see, Brown v Aurora Sys., 251 AD2d 1040).
Even if Westfall’s proof was deemed sufficient to establish a prima facie case entitling it to summary judgment, there is an issue of fact as to whether Westfall was negligent in its retention and supervision of Horace. According to Ms. Blumenstock, *15 prior to the incident involving plaintiff, Horace was suspected of having committed some unspecified act(s) against another patient. Accordingly, Westfall’s motion for summary judgment is denied.
Westfall opposes plaintiffs cross motion to amend the complaint solely on the basis that it is barred by laches in that the amendment would require additional pretrial proceedings including further discovery. That the amendment may necessitate additional discovery does not, by itself, constitute grounds for denying the application (see, Trader v State of New York, 259 AD2d 951). Moreover, delay in seeking the amendment is not a sufficient ground to warrant denial, particularly where, as here, the original complaint provided notice of the occurrence giving rise to the proposed cause of action (see, Rogers v South Slope Holding Corp., 255 AD2d 898; Presutti v Suss, 254 AD2d 785).
Therefore, plaintiffs cross motion to amend the complaint is granted.