■ Ana Gomez, Appellant, v City of New York et al., Respondents, et al., Defendant. [758 NYS2d 298] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about October 31, 2001, which granted the motion of defendants City of New York and Board of Education of the City of New York for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

The complaint against the moving defendants alleges that they negligently hired and/or retained in their service the individual defendant, who is alleged to have raped plaintiff. However, recovery on a negligent hiring and retention theory requires a showing that the employer was on notice of the relevant tortious propensities of the wrongdoing employee (*see*

*Detone v Bullit Courier Serv.*, 140 AD2d 278 [1988], *lv denied* 73 NY2d 702 [1988]), and the moving defendants, in support of their motion, submitted sufficient proof of their lack of such notice to demonstrate their prima facie entitlement to judgment as a matter of law. Inasmuch as plaintiff, in response, failed to submit evidence raising a triable issue as to whether the moving defendants did have notice of conduct by the individual defendant demonstrating a propensity for the type of conduct alleged against him, the award of summary judgment was proper (*see Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762 [1995]). Plaintiff's father's affidavit, stating that the affiant had notified the assistant principal of the school attended by plaintiff of improper contact between the individual defendant and plaintiff on an occasion antedating the alleged rape, is contradicted by plaintiff's prior deposition testimony in which she testified that she did not tell her parents about the individual defendant until after the rape and appears to have been tailored to avoid the consequences of plaintiff's testimony (*see Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [2001], *lv denied* 97 NY2d 610 [2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.