ROBIN TRAVIS, Appellant, v UNITED HEALTH SERVICES HOSPITALS, INC., Respondent. [804 NYS2d 840]—

Carpinello, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered July 6, 2004 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

In this lawsuit based upon claims of negligent hiring, supervision and retention, plaintiff alleges that a male nurse employed by defendant sexually assaulted her while she was in a sedated state after a surgical procedure. At issue on appeal is an order of Supreme Court granting defendant summary judgment. Upon our review of the record, we conclude that summary judgment was properly granted and, thus, we affirm.

" 'A claim based on negligent hiring and supervision requires a showing that defendant[ ] knew of the employee's propensity to [commit the alleged acts] or that defendant[ ] should have known of such propensity had [it] conducted an adequate hiring

procedure' " (*Honohan v Martin's Food of S. Burlington,* 255 AD2d 627, 628 [1998], quoting *Ray v County of Delaware,* 239 AD2d 755, 757 [1997]; *see Steinborn v Himmel,* 9 AD3d 531, 533 [2004]). Here, defendant met its burden of establishing that it acted with reasonable care in hiring and retaining the subject nurse. With respect to the claim of negligent hiring, defendant submitted evidence that it had screening procedures in place and employed those procedures when hiring the subject nurse. Defendant further submitted evidence that these procedures were in accord with acceptable hospital practice. It was further established that no irregularities or negative information about this nurse was revealed during its review of his background and credentials.

In response to this prima facie showing, plaintiff failed to submit affirmative proof raising a question of fact (*see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933-934 [1999]). Rather, she submitted an attorney's affidavit making general allegations that factual issues exist concerning whether defendant failed to adequately protect her. This showing was insufficient. While plaintiff alleges in her brief on appeal that "a proper background check [of the subject nurse] would have turned up information about a questionable work history, including at least one prior assault on a patient," absolutely no evidence is presented in this record to support that claim. In short, plaintiff's repeated claims on appeal that negative information would have been disclosed "through an adequate background check" are rank speculation (*see id.; Honohan v Martin's Food of S. Burlington, supra*).

We also reject plaintiff's argument that a question of fact has been raised because the nurse manager who hired the nurse did not personally confirm his references. Defendant unequivocally established that it was not this nurse manager's responsibility to conduct background checks on prospective employees; rather, that responsibility was within the sole province of its employment department. It was further established that its employment department did indeed conduct a background check which disclosed no indication of any propensity to sexually abuse patients (*see Ray v County of Delaware, supra*).

With respect to the claim that defendant was negligent in supervising and retaining the nurse, again we find that plaintiff has failed to raise a question of fact. Significantly absent from the record is any evidence indicating that this nurse engaged in any inappropriate sexual behavior with a patient while employed by defendant. To be sure, the record does reveal that there was a prior allegation of inappropriate sexual contact between him

and a coworker in July 2001. This alleged incident, however, was investigated by defendant and could not be substantiated. Such an allegation, even if true, did not make it reasonably foreseeable that the nurse would sexually assault a sedated patient, and plaintiff failed to submit affirmative proof raising a question of fact to show otherwise.

Plaintiff's remaining contentions, particularly the claim that defendant waived its statutory privilege against disclosure of protected medical records, have been reviewed and found to be unpersuasive.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, with costs.