■ SIMONE WHITE, Appellant, v HAMPTON MANAGEMENT COMPANY L.L.C., Respondent, et al., Defendant. [827 NYS2d 120]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 5, 2006, which granted defendant Hampton Management Company's motion for summary judgment dismissing the complaint against it and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff claimed that Hampton negligently hired and retained in its employ defendant Jimenez, who is alleged to have harassed and assaulted her on two occasions in October 2003. Recovery on a negligent hiring and retention theory requires a showing that the employer was on notice of a propensity to commit the alleged acts (*Gomez v City of New York*, 304 AD2d 374 [2003]). In support of its motion, Hampton submitted proof of its lack of such notice sufficient to demonstrate prima facie entitlement to judgment as a matter of law. Plaintiff, in response, failed to submit evidence sufficient to raise a triable issue of fact as to whether Hampton had notice of conduct by the individual defendant demonstrating a propensity for the type of conduct alleged (*see Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762 [1995]). Nor was Hampton vicariously liable for the individual defendant's acts under the doctrine of respondeat superior, since the claimed acts were not part of his job and would not have served his employer's interests. His actions, if committed at all, were done for purely personal motives and were an obvious departure from the normal duties of a doorman (*see e.g. RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158 [2004]; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762 [1995], *supra*). Concur—Buckley, P.J., Mazzarelli, Gonzalez, Sweeny and Catterson, JJ.