■ Osvaldo D., Appellant, v Rector Church Wardens and Vestrymen of the Parish of Trinity Church of New York et al., Respondents, et al., Defendants. [834 NYS2d 94]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 21, 2006, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Rector Church Wardens and Vestrymen (Trinity Church) for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.

Trinity Church was not liable under a theory of respondeat superior. Whether or not providing food from his own apartment was part of the employee's duties, the alleged sexual assault was clearly not in furtherance of the business of Trinity Church and was outside the scope of his employment (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]).

Plaintiff failed to raise an issue of fact as to whether the employee was negligently hired, supervised or retained. Plaintiff failed to raise a factual issue as to whether, at the time of his hiring, Trinity Church was on notice of facts triggering a duty to inquire further. As to theories concerning supervision or retention, we note the employee had worked as a coordinator at Trinity Church for at least five years prior to the alleged incident. During that period, Trinity Church did not receive any complaints about the employee, and did not know of anyone else who had received complaints about him. Plaintiff himself had never heard of any complaints, and the employee had never been convicted of any crime.

The fact that the employee may have used drugs in the past is irrelevant to any propensity to commit an act of sexual aggression (see Steinborn v Himmel, 9 AD3d 531, 534 [2004]). Similarly, the fact that he was HIV-positive and a homosexual in no way equates with propensity to commit a sexual assault. That the employee may have made "inappropriate expenditures" or hired "ex-convicts" to perform community service at the shelter similarly cannot be equated with a claim that Trinity Church negligently supervised or retained him with respect

to an alleged sexual assault. Summary judgment was properly awarded on these claims, notwithstanding plaintiff's allegations regarding missing records, which are unsubstantiated and unsupported by the record. Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.