■ G.G., Appellant, v YONKERS GENERAL HOSPITAL, Respondent, et al., Defendants. [858 NYS2d 11]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 10, 2006, which granted defendant hospital's motion for summary judgment to the extent of dismissing the entire complaint against all defendants, unanimously modified, on the law, so much of the complaint as claimed negligent retention reinstated against defendant hospital, and otherwise affirmed, without costs.

This action seeks recovery for personal injuries sustained by plaintiff in 1993, while a patient at defendant hospital, when she was sexually assaulted and raped by a male nurse at the hospital.

In order to recover against an employer for negligent retention of an employee, a plaintiff must show that "the employer was on notice of a propensity to commit the alleged acts" (*White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [2006]). The hospital met its initial burden for summary dismissal of the claim of negligent retention by submitting evidence that during the six years the nurse had worked for the hospital prior to the incident, he received positive reviews.

In opposition, plaintiff raised a triable issue of fact based on the testimony of a nursing aide who had previously reported that the nurse had offered a patient medication in exchange for sex. As plaintiff and the other patients were in a drug rehabilitation program, this knowledge could be found by the trier of fact to have triggered a duty to protect plaintiff from a known or suspected sexual predator (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247 [2002]). While we recognize that the record reflects questions about the credibility of the nursing aide, resolution of such issues is not for the court. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.