■ Linda Taylor, Appellant, v United Parcel Service, Inc., Respondent, et al., Defendant. [899 NYS2d 223]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about March 13, 2009, which, inter alia, granted the motion of defendant United Parcel Service, Inc. (UPS) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Dismissal of the complaint as against UPS was appropriate in this action for injuries sustained by plaintiff as a result of a sexual assault upon her by UPS's employee when he was making a delivery to her apartment. The motion court properly recognized that plaintiff's vicarious liability claims were not viable since "[a]n employer cannot be held vicariously liable for an alleged assault where the assault was not within the scope of the employee's duties, and there is no evidence that the assault was condoned, instigated or authorized by the employer" (*Yeboah v Snapple, Inc.*, 286 AD2d 204, 204-205 [2001]).

Plaintiff's negligent hiring claim was properly dismissed where UPS established that at the time of his hire, the subject employee had no criminal record or history of civil complaints or protective orders against him to suggest that he had a propensity to commit sexual assaults (*see Gomez v City of New York*, 304 AD2d 374 [2003]; *cf. T.W. v City of New York*, 286 AD2d 243, 245 [2001]). In opposition, plaintiff failed to present evidence to support her claim that UPS was on notice that the

employee had a propensity to engage in sexual assaults or that it should have conducted a more thorough investigation at the time of hire.

Plaintiff's claims alleging negligent retention and supervision were also properly dismissed, as UPS met its initial burden for summary dismissal of the claims by submitting evidence that the employee's employment records did not give it notice that he had a propensity for sexual misconduct or to commit a sexual assault on a stranger (*see G.G. v Yonkers Gen. Hosp.*, 50 AD3d 472 [2008]; *Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342, 343 [2005]). In opposition, plaintiff failed to raise a triable issue of fact and her reliance on other examples of poor behavior exhibited by the employee, including rudeness and inappropriate flirtation, is misplaced (*see Osvaldo D. v Rector Church Wardens & Vestrymen of Parish of Trinity Church of N.Y.*, 38 AD3d 480 [2007]; *Doe v State of New York*, 267 AD2d 913, 915-916 [1999], *lv denied* 95 NY2d 759 [2000]).

We have considered plaintiff's remaining contentions, and find them unavailing. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.