■ JOEY ACOSTA-RODRIGUEZ et al., Appellants, v CITY OF NEW YORK et al., Defendant. MARILYN ARCE, Appellant, v CITY OF NEW YORK et al., Respondents. [909 NYS2d 712]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about January 6, 2009, which granted defendants-respondents' motion for, inter alia, summary judgment dismissing the complaints as against them, unanimously affirmed, without costs.

Plaintiffs raised no triable issues of fact to contradict the evidence submitted by defendants that the sexual abuse of the infant plaintiffs by an employee of defendant Board of Education (BOE) was not committed in furtherance of school business and was done for personal reasons. Accordingly, defendants cannot be held liable under the theory of respondeat superior (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251-252 [2002]; *Taylor v United Parcel Serv., Inc.*, 72 AD3d 573 [2010], *lv denied* 15 NY3d 705 [2010]; *Osvaldo D. v Rector Church Wardens & Vestrymen of Parish of Trinity Church of N.Y.*, 38 AD3d 480 [2007]).

The record also presents no triable issues regarding whether the employee was negligently hired, supervised or retained. Plaintiffs failed to raise a factual issue as to whether, at the time of the employee's hiring, BOE was on notice of facts triggering a duty to inquire further, or to contradict BOE's claim that it conducted its standard pre-employment investigation of the employee (*compare T.W. v City of New York*, 286 AD2d 243, 245 [2001]). Nor did plaintiffs present evidence indicating that defendants were on notice, either actual or constructive, of the employee's propensity for sexual abuse of minors (*see White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243 [2006]; *Gomez v City of New York*, 304 AD2d 374 [2003]; *compare G.G. v Yonkers Gen. Hosp.*, 50 AD3d 472 [2008]). Knowledge that the employee bought pizza for students and observed them at play does not constitute notice of the employee's proclivity for sexual abuse (*compare Doe v Whitney*, 8 AD3d 610 [2004]).

Furthermore, the subject incident occurred off school grounds and there is nothing in the record indicating that BOE released the infant plaintiffs to the employee or even knew that the three were together. Thus, there are no triable issues as to whether plaintiff's injuries were caused by a failure of adequate supervision or a disregard on premises that should have alerted defendants to a hazardous situation (*see J.E. v Beth Israel Hosp.*, 295 AD2d 281 [2002], *lv denied* 99 NY2d 507 [2003]). Concur—Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ.