■ HOLLY SCHIEBL, Respondent, v SENIOR CARE EMERGENCY MEDICAL SERVICES, Appellant, et al., Defendants. [42 NYS3d 159]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about January 16, 2015, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Senior Care Emergency Medical Services (Senior Care) for summary judgment dismissing the complaint as against it, and granted plaintiff's cross motion for leave to amend the complaint to add Senior Ride Transportation Services, LLC (Senior Ride) as a named defendant, unanimously reversed, on the law, without costs, Senior Care's motion granted, and plaintiff's cross motion denied. The Clerk is directed to enter judgment accordingly.

In this action for personal injuries sustained when an ambulette driver allegedly assaulted plaintiff, the motion court properly found that questions existed as to whether Senior Care was the alter ego of Senior Ride, the employer of the ambulette driver. However, the affidavits of managers from both companies and the personnel file established that, at most, the employee had been disciplined in the past for rudeness and verbal abuse toward clients, and the companies had no notice of any physically violent propensities. In opposition, plaintiff failed to offer evidence that the companies knew, or had reason to be aware of, the employee's propensity to engage in the type of physically assaultive conduct that led to plaintiff's injuries (*see Coronado v 3479 Assoc. LLC*, 128 AD3d 496 [1st Dept 2015]).

We have considered all other claims and find them unavailing. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.