■ Mandy Stein, as Administrator of the Estate of Linda Stein, Deceased, Respondent-Appellant, v Douglas Elliman, LLC, et al., Respondents, and Axion, LLC, Appellant-Respondent, et al., Defendant. [50 NYS3d 875]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered June 2, 2016, which, inter alia, granted the motion of defendant Douglas Elliman, LLC (DE-LLC) for summary judgment dismissing the complaint as against it, and denied the motion of defendant Axion LLC (Axion) for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant Axion's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Axion is a "temp" agency whose employee, defendant Natavia Lowery, was placed as an assistant to plaintiff's deceased (Stein), a realtor working as an independent contractor for DE-LLC, a real estate agency. Lowery assaulted and murdered Stein after only three months of work as her assistant.

Dismissal of the complaint alleging, inter alia, negligent hiring, supervision and retention of Lowery, as against Axion is warranted since the evidence demonstrated that Axion had no notice of Lowery's violent propensities or knowledge of facts that might prompt a reasonably prudent person to conduct an investigation of the worker's background (*see K.I. v New York City Bd. of Educ.*, 256 AD2d 189, 191-192 [1st Dept 1998]). Lowery did not have a criminal record, and her alleged past misconduct, as well as her vague comments made regarding Stein before the assault, were not disclosed until after Stein's death (*see e.g. Taylor v United Parcel Serv., Inc.*, 72 AD3d 573 [1st Dept 2010], *lv denied* 15 NY3d 705 [2010]).

DE-LLC's motion for summary judgment was properly granted since, contrary to plaintiff's contention, there exists no basis to find that Lowery worked as DE-LLC's special employee. Rather, the evidence showed that DE-LLC did not exercise supervision and control over Lowery's work, and that it was Stein who controlled Lowery's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]).

We have considered plaintiffs remaining arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.