Shewbaran v Laufer (2019 NY Slip Op 08377)





Shewbaran v Laufer


2019 NY Slip Op 08377


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10385 22262/14E

[*1] Christopher Shewbaran, Plaintiff-Appellant,
v
Marcel Laufer, M.D., et al., Defendants-Respondents.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered October 3, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the medical malpractice and negligent hiring claims, unanimously modified, on the law, to deny the motion as to the medical malpractice claim, and otherwise affirmed, without costs.
Defendants established prima facie that they did not fail to timely diagnose and treat the colon perforation that developed during or after a routine colonoscopy they performed on plaintiff. Their experts opined that the perforation did not develop until hours after the surgery ended and thus could not have been diagnosed while plaintiff was still under defendants' care. The experts further opined that, regardless of when the perforation was discovered, plaintiff would still have had to undergo the same surgeries. In opposition, plaintiff's expert opined that the perforation already existed and could have been diagnosed immediately after surgery and that an earlier diagnosis would have spared plaintiff hours of pain and suffering and the development of peritonitis.
The parties' conflicting expert opinions present issues of fact as to those questions. Contrary to defendants' argument, plaintiff's expert's opinion that the perforation existed and could have been diagnosed immediately after surgery is supported by plaintiff's and his daughter's testimony that he felt a burning pain, which he reported to hospital staff, and the indication in the medical records of a drop in blood pressure. Although defendants' expert asserted that plaintiff's blood pressure was normal, plaintiff's expert offered a conflicting assessment. The fact that plaintiff's complaints of pain are not recorded in the contemporaneous medical records, although suggestive, is not dispositive, as plaintiff and his daughter testified that he made those complaints.
The negligent hiring claim was correctly dismissed, as there
is no evidence that any of the persons involved in plaintiff's care was unqualified or had a history of negligent conduct (see Gomez v City of NY , 304 AD2d 374 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK