Norris v Innovative Health Sys., Inc. (2020 NY Slip Op 03456)





Norris v Innovative Health Sys., Inc.


2020 NY Slip Op 03456


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


1455

[*1] Alexis Norris, Plaintiff-Respondent,
v
Innovative Health Systems, Inc., Defendant-Appellant, Zoe Rossner, Defendant.


Cozen O'Connor, New York (Amanda L. Nelson of counsel), for appellant.
Greenberg Law P.C., New York (Robert J. Menna of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 10, 2019, which, upon renewal, denied defendant Innovative Health System, Inc.'s (IHS) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against IHS.
Plaintiff alleges that, while an outpatient at defendant IHS's drug rehabilitation center in 2015, defendant Rossner, an IHS employee, offered to falsify plaintiff's toxicology reports so that plaintiff could smoke marijuana while undergoing treatment, in exchange for plaintiff babysitting Rossner's children. Plaintiff alleges that, after entering into this arrangement, they smoked marijuana together. According to plaintiff, Rossner also began sexually assaulting her and on one occasion Rossner forced plaintiff to have sex with several men in exchange for drugs. Plaintiff eventually reported to IHS staff that Rossner was falsifying plaintiff's urine toxicology results and using drugs with her, leading to Rossner's termination.
The evidence submitted in support of and against IHS's motion for summary judgment shows that IHS first retained Rossner to work as an intern in 2014, and then hired her as a counselor in 2015. Before retaining her, IHS received the results of state and federal background checks, which revealed that Rossner had a criminal history in New York State consisting of a conviction for trespass and two separate convictions for drug related offenses. The New York State Office of Alcoholism and Substance Abuse Services then performed the review required by Mental Hygiene Law § 19.20(e) and determined that IHS was not required to deny Rossner's application. It did not express an opinion as to whether IHS should hire her.
During Rossner's employment with IHS, she was confronted once by a supervisor for "nodding out" during a staff meeting and for missing work, which Rossner attributed to her schoolwork and a stressful home environment. Around the same time, IHS staff members complained that several urine samples had gone missing from their laboratory, but IHS did not suspect that Rossner was the cause of these missing samples.
An essential element of a claim for negligent hiring, supervision, and retention "is that the employer knew, or should have known, of the employee's propensity for the sort of conduct which caused the injury" (Sheila C. v Povich, 11 AD3d 120, 129-130 [1st Dept 2004] [citations omitted]). Here, IHS's knowledge of Rossner's criminal history does not raise an issue of fact as to whether IHS knew or should have known of her propensity to commit sexual assault (see Osvaldo D. v Rector Church Wardens & Vestrymen of Parish of Trinity Church of N.Y., 38 AD3d 480, 480-481 [1st Dept 2007]; Steinborn v Himmel, 9 AD3d 531, 533-534 [3d Dept 2004]). Similarly, the fact that an IHS supervisor confronted Rossner concerning her "nodding [*2]out" and missing work did not impute to IHS actual or constructive notice that Rossner had any propensity to commit sexual assault (see Schiebel v Senior Care Emergency Med. Servs., 145 AD3d 456 [1st Dept 2016]; Coronado v 3479 Assoc. LLC, 128 AD3d 496 [1st Dept 2015]; Taylor v United Parcel Serv., Inc., 72 AD3d 573, 574 [1st Dept 2010], lv denied 15 NY3d 705 [2010]). Accordingly, the cause of action for negligent hiring, supervision, and retention should have been dismissed as against IHS.
We find that the cause of action for negligent infliction of emotional distress also should have been dismissed as against IHS. Under the controlling precedent, IHS's alleged conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Sheila C., 11 AD3d at 130-131 [citation and internal quotation marks omitted]; see generally Wolkstein v Morgenstern, 275 AD2d 635, 636-637 [1st Dept 2000]; see also Xenias v Roosevelt Hosp., 180 AD3d 588, 589 [1st Dept 2020]).
Finally, plaintiff's claims for assault and battery, intentional infliction of emotional distress, and punitive damages against IHS are dismissed as abandoned. Plaintiff did not oppose that part of IHS's motion seeking dismissal of those claims (see Matter of Agoglia v Benepe, 84 AD3d 1072, 1075 [2d Dept 2011]), and does not defend them on appeal (see 430 W. 23rd St. Tenants Corp. v 23rd Assoc., 155 AD2d 237, 239 [1st Dept 1989]).
We have considered plaintiff's remaining contentions and find them unavailing.
M-1455 - Alexis Norris v Innovative Health Systems,
Inc., et al.
Motion for stay denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK