Patterson v New York City Dept. of Educ. (2023 NY Slip Op 06486)

Patterson v New York City Dept. of Educ.

2023 NY Slip Op 06486

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Index No. 26881-17E Appeal No. 1269 Case No. 2022-04942 

[*1]Michelle Patterson, Plaintiff-Appellant,
v
New York City Department of Education et al., Defendants-Respondents.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on November 2, 2022, which, to the extent appealed from as limited by the briefs, granted defendant New York City Department of Education's (DOE) motion for summary judgment dismissing plaintiff's claim of negligent retention and supervision as against it, unanimously affirmed, without costs.
The court correctly dismissed plaintiff's negligent supervision and retention claims because there was no evidence that DOE had any knowledge that the school volunteer, whom plaintiff alleged injured her, had a propensity to engage in the injury-causing conduct (see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 158—159 [2023]; White v Hampton Mgt. Co. L.L.C., 35 AD3d 243, 244 [1st Dept 2006]). Nor did a nexus exist between the volunteer's activities at the school and his alleged assault upon plaintiff (see generally K. I. v New York City of Bd. of Educ., 256 AD2d 189, 192 [1st Dept 1998]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023