| |
|---|
| **Madry v Ice Rink Events of N.Y. LLC** |
| 2024 NY Slip Op 32965(U) |
| August 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151992/2023 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAKOTA D. RAMSEUR**                   PART            **34M**

*Justice*

-------------------------------------------------------------------------------X

EVA MADRY,

| | |
|---|---|
| INDEX NO. | 151992/2023 |
| MOTION DATE | 12/19/2023 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

ICE RINK EVENTS OF NEW YORK LLC,BPP ST OWNER
LLC,CRRE TOWN AND VILLAGE LLC,PCVST
MANAGEMENT

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for                 JUDGMENT - DEFAULT                .

    Plaintiff Eva Madry commenced this action against defendants Ice Rink Events of New York LLC, BPP St Owner LLC, CRRE Town and Village LLC and PCVST Management to recover damages for personal injuries sustained while ice skating at "Stuytown Ice Rink" at 66 Stuyvesant Oval, New York, New York. Plaintiff now moves, pursuant to CPLR 3215, for a default judgment against defendant PCVST Management (hereinafter, "PCVST"). Defendants BPP ST Owner LLC ("BPP") and CRRE Town Village LLC ("CRRE") (together, BPP/CRRE) oppose the motion and cross-move, pursuant to CPLR 3211 and 3212, to dismiss the complaint against PCVST on the ground that there is no legal entity known as "PCVST Management." The cross-motion is unopposed. For the reasons set forth below, the motion is denied, and the cross-motion is granted.

    Plaintiff avers that she was ice skating at "The Ice of Stuy Town" on December 3, 2020, when "3 boys slammed into me from behind causing me to be thrown to the ground and break my right wrist - requiring surgery" (NYSCEF doc. no. 27 at ¶ 4, plaintiff aff.)  Plaintiff subsequently commenced this action on March 2, 2023, by filing a summons and complaint asserting two causes of action for negligence and negligent hiring, retention or supervision against all defendants (NYSCEF doc no. 28, Blash affirmation.) The verified complaint alleges that PCVST is a domestic or foreign corporation, a partnership, a limited liability partnership, a limited liability corporation or a sole proprietorship conducting business in New York. (*Id.* at ¶¶ 16-22).  It is further alleged that PCVST owned, leased, operated, managed, controlled, maintained, and supervised the ice-skating rink where the accident occurred. (*Id.* at ¶¶ 82-90.) An affidavit of service sworn to on March 9, 2023, reveals that plaintiff served PCVST with process on March 8, 2023, by delivering the summons and complaint together with a notice of electronic filing to "Gregory Claude, MANAGER/MANAGING AGENT" at 276 First Avenue Loop, New York, New York (NYSCEF doc. no. 8, affidavit of service.)

For their part, BPP/CRRE argue that PCVST is not a corporate or legal entity that can be held liable to plaintiff. In support of this contention, BPP/CRRE tender an affidavit from Thomas Marchese (Marchese), Manager of Risk Management and Contracts for nonparty Beam Living (NYSCEF Doc No. 39 at ¶ 2, Marchese aff.) Marchese avers that Beam Living has managed the Stuyvesant Town/Peter Cooper Village residential development since 2018, and as such, he is as fully familiar with the ice-skating rink known as "The Ice at Stuy Town" at 19 Stuyvesant Oval, New York, New York. (Id. at ¶¶ 3-4.) Further, he explained that BPP owns the premises at 19 Stuyvesant Oval where the rink is located, and CRRE has served as the managing agent for the premises since December 2015. (Id. at ¶ 6.) Marchese attests that prior to the date of plaintiff's accident, defendant IRE Rink Events LLC[1] leased the premises from BPP for purposes of operating an ice-skating rink. (Id. at ¶ 7.) Marchese states that PCVST "is not the name of any entity affiliated with Stuy Town or the ice-skating rink at 19 Stuyvesant Oval" nor has PCVST ever "been a corporate affiliate, subsidiary, or parent of BPP … or CRRE" (id., ¶¶ 8-9). Marchese further states that Gregory Claude is an employee of Beam Living (id. at ¶ 11), and that the address where service upon PCVST, a non-existent entity, was purportedly effectuated is the address for the property management office at Stuy Town (id. at ¶ 12). BPP/CRRE also submit a printout of a search for the name "PCVST Management" on the public website maintained by the New York State Department of State, Division of Corporations, yielded no results. (NYSCEF doc. no. 40, NY Sec. of State Corp. database search results.)

A motion for a default judgment must be supported with "proof of service of the summons and complaint… proof of the facts constituting the claim, [and] the default." (CPLR 3215 [f].) As to (2), the plaintiff must offer "some proof of liability … to satisfy the court as to the prima facie validity of the uncontested cause of action" (Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994]). The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts. (Id.)

On a motion to dismiss brought under CPLR 3211 (a) (7), "the pleading is to be afforded a liberal construction." (Leon v Martinez, 84 NY2d 83, 87 [1994].) The court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (id. at 87-88). "However, '[w]hen documentary evidence is submitted by a defendant 'the standard morphs from whether the plaintiff stated a cause of action to whether it has one.'" (Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014] [citation omitted].) Dismissal is appropriate if the evidence demonstrates the plaintiff has no cause of action (id.). CPLR 3212 (a) allows a party to move for summary judgment after issue has been joined.

Here, plaintiff has not satisfied its burden of showing "proof of liability" against PCVST, as plaintiff has demonstrated no ownership/management connection between PCVST and the subject premises. Plaintiff's motion for a default judgment against PCVST is therefore denied. Further, BPP and CRRE have demonstrated that "PCVST Management" is not a cognizable legal entity amenable to sue as the given entity does not exist. As such, and since plaintiff did not oppose the dismissal, the cross-motion pursuant to CPLR 3211 is granted and the complaint is

---

[1] IRE Rink Events LLC, sued herein as Ice Rink Events of New York LLC, has answered the complaint (NYSCEF Doc No. 10).

**151992/2023   MADRY, EVA vs. ICE RINK EVENTS OF NEW YORK LLC ET AL**                    **Page 2 of 4**
**Motion No.  002**

2 of 4

dismissed as against PCVST. (*See Norris v Innovative Health Sys., Inc.*, 184 AD3d 471, 473 [1st Dept 2020].)

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the motion brought by plaintiff Eva Madry for a default judgment against defendant PCVST Management is denied; and it is further

ORDERED that the cross-motion brought by defendants BPP ST Owner LLC and CRRE Town Village LLC to dismiss the complaint pursuant to CPLR 3211 as against defendant PCVST Management is granted without opposition; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that the amended caption is as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:
------------------------------------------------------------------------x
EVA MADRY,                                                                    Index No. 151992/2023

                                   Plaintiff,

                    - against -

ICE RINK EVENTS OF NEW YORK LLC, BPP ST
OWNER LLC, and CRRE TOWN AND VILLAGE
LLC,

                                   Defendants.
------------------------------------------------------------------------x
; and it is further

ORDERED that counsel for defendants BPP ST Owner LLC and CRRE Town Village LLC shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]).

**151992/2023   MADRY, EVA vs. ICE RINK EVENTS OF NEW YORK LLC ET AL**          **Page 3 of 4**
**Motion No.  002**

3 of 4

This constitutes the Decision and Order of the Court.

20240822162833DRAMSEUR5F2FFC007AE0471294C65EC46CDA5D45

__8/21/2024__
__DATE__

__DAKOTA D. RAMSEUR, J.S.C.__

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☒ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

151992/2023  MADRY, EVA vs. ICE RINK EVENTS OF NEW YORK LLC ET AL
Motion No. 002

Page 4 of 4

4 of 4