Crespo v Francini (2025 NY Slip Op 07090)

Crespo v Francini

2025 NY Slip Op 07090

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 21281/13|Appeal No. 5399|Case No. 2023-05340|

[*1]Angel Crespo, Plaintiff-Respondent,
v
Thomas Francini, D.P.M. et al., Defendants.
John DeBello, D.P.M. et al., Third-Party Plaintiffs-Respondents,
v
Thomas Franchini, D.P.M., Third-Party Defendant-Appellant.

Heidell, Pittoni, Murphy & Bach, LLP, Garden City (Gregory I. Freedman of counsel), for appellant.
Harris, Keenan & Goldfarb LLP, New York (Valentine J. Wallace of counsel), for Angel Crespo, respondent.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Edward R. Nicholson of counsel), for John Debello, D.P.M. and New York Footcare Services, PLLC, respondents.

Order, Supreme Court, Bronx County (Joseph E. Cappella, J.), entered on or about August 31, 2023, which, to the extent appealed from, denied in part third-party defendant Dr. Franchini's motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted in its entirety. The Clerk is directed to enter judgment dismissing the third-party complaint.
Defendant/third-party plaintiff John DeBello, D.P.M. and third-party plaintiff New York Footcare Services, PLLC, sued herein as defendant New York Footcare of the Bronx, PLLC (together, defendants) commenced this third-party action against Dr. Franchini for common-law indemnification and contribution. Defendants elected not to oppose Dr. Franchini's motion to dismiss the third-party complaint by not presenting either evidence or arguments in opposition to the motion. "Consequently, they are deemed to have admitted, with respect to the allegations made by [Dr. Franchini] in support of [his] summary judgment motion, that there exists no material question of fact. Because defendants neither opposed the dismissal of their third-party complaint nor defend it on appeal, it should be dismissed as abandoned, and Dr. Franchini's motion should be granted in its entirety (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]; see also Patrick v 278 8th Assoc., 233 AD3d 415, 417 [1st Dept 2024]; Jones v Vornado N.Y. RR One L.L.C., 223 AD3d 467, 468 [1st Dept 2024]). In light of the foregoing, we need not consider Dr. Franchini's remaining arguments.
Defendants' argument that they are entitled to summary judgment dismissing plaintiff's complaint in its entirety is not properly before us because defendants did not notice an appeal from that separate order (see e.g. Kasmin v Josephs, 228 AD3d 431, 433 [1st Dept 2024]; Agurto v One Boerum Dev. Partners LLC, 221 AD3d 442, 443 [1st Dept 2023]; Kerns v Ishida, 208 AD3d 1102, 1103 [1st Dept 2022]). Nor may we search the record on Dr. Franchini's motion and award defendants summary judgment dismissing the complaint as against them because Dr. Franchini's motion did not seek any relief regarding the complaint (see Cerbone v Lauriano, 170 AD3d 942, 943 [2d Dept 2019]; see also Christopher v Piard, 221 AD3d 485, 485 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025