Rouse v Ahmed (2025 NY Slip Op 07234)

Rouse v Ahmed

2025 NY Slip Op 07234

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 811894/21|Appeal No. 5444|Case No. 2025-01703|

[*1]Myrna Rouse, etc., Plaintiff-Respondent,
v
Abdurhman Ahmed, M.D., Initially Sued Herein as Abdurham Ahmed, M.D., et al., Defendants-Appellants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for appellants.
Sanocki Newman & Turret, LLP, New York (Carl B. Tegtmeier of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about January 13, 2025, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion for summary judgment dismissing the claim for lack of informed consent, and otherwise affirmed, without costs.
The motion court correctly concluded that, in this medical malpractice and wrongful death action, defendants did not establish their prima facie entitlement to summary judgment dismissing the complaint (see generally Ducasse v New York City Health & Hosps. Corp., 148 AD3d 434, 435 [1st Dept 2017]; Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]). Defendants failed to meet their burden because their expert's opinion was "conclusory in nature or unsupported by competent evidence" (Wei Lin v Sang Kim, 168 AD3d 788, 788 [2d Dept 2019]).
Plaintiff alleges, among other things, that, because defendants failed to properly turn and position the decedent (Marie) every two hours, as required by the applicable standard of care, Marie developed multiple pressure ulcers, which at least hastened her death. In support of defendants' motion, their expert opined, in sum and substance, that, in fact, Marie developed only one pressure ulcer, which was unavoidable due to Marie's poor circulation, and that her death was solely attributable to her multiple severe comorbidities. However, defendants' expert did not explain her reasoning in reaching her conclusions (see Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [2d Dept 2017]; compare Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985], with Alvarez v Prospect Hosp., 68 NY2d 320, 326 [1986]). Although Marie's medical records listed only the sacral injury as a pressure ulcer, defendants' expert did not address plaintiff's allegation that Marie's other injuries were also pressure ulcers. Although defendants' expert opined that the pressure ulcer and sequelae that Marie developed were due solely to her comorbidities, the expert never explained why defendants' alleged failure to turn and position Marie every two hours, as alleged by plaintiff, could not have contributed to Marie's injuries and death. Although defendants' expert referenced general indications in Marie's medical records that turning and positioning was performed every two hours, she did not address plaintiff's claim that those references were both too general and not indicative of turning and positioning actually being performed every two hours.
To the extent that defendants' expert elaborated upon these issues in her affirmation submitted as part of defendants' reply papers, her reply affirmation could not be used to supplement defendants' prima facie showing (see Hoffman v Taubel, 208 AD3d 1099, 1101 [1st Dept 2022]). Accordingly, defendants' motion was properly denied as to the medical malpractice and wrongful death claims without regard to the sufficiency of plaintiff's papers in opposition (see Winegrad, 64 NY2d at 853).
We modify solely to dismiss the claim for lack of informed consent, which plaintiff has abandoned by failing to oppose that part of defendants' motion or to defend it on appeal (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]; Romano v New York City Tr. Auth., 213 AD3d 506, 508 [1st Dept 2023]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025