HAROLD HIRSCH, Appellant, v STELLAR MANAGEMENT et al., Respondents, et al., Defendants. [50 NYS3d 68]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about September 22, 2016, which, insofar as appealed from as limited by the briefs, upon the motion of defendants-respondents (defendants), dismissed the second amended complaint as to defendants Aore Holdings, Moshe Azogui, and Yan Ouaknine, dismissed plaintiff's fraud claim for failure to comply with CPLR 3016, and struck the allegations of fraud from the second amended complaint, unanimously modified, on the law, to reinstate the second cause of action as against Aore Holdings, Moshe Azogui, and Yan Ouaknine, and reinstate the factual allegations that are relevant to the second cause of action, and otherwise affirmed, without costs.

The motion court correctly determined that plaintiff failed to plead a fraud claim with the requisite specificity (see CPLR 3016 [b]). Although plaintiff alleged that defendants committed a material misrepresentation of fact, plaintiff failed to allege specific details to demonstrate that he justifiably relied on the misrepresentation to his detriment (see Cusack v Greenberg Traurig, LLP, 109 AD3d 747, 748 [1st Dept 2013]). Nevertheless, to the extent that defendants' alleged wrongdoing is relevant to plaintiff's second cause of action, which survived defendants' motion to dismiss, the allegations should not be struck from the second amended complaint (see New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan, 22 AD3d 391 [1st Dept 2005]). Further, because the second amended complaint alleges that Aore Holdings, Moshe Azogui, and Yan Ouaknine submitted false information in obtaining the work permits that give rise to plaintiff's surviving claim, the court erred in dismissing the second cause of action as to these defendants.

The parties confirm that after the issuance of the motion court's order, the court clarified that plaintiff's second cause of action could encompass injuries caused by toxins including, but

not limited to, asbestos. Accordingly, plaintiff's argument on this point is moot, as he has already received the relief he is requesting (*see e.g. Masterwear Corp. v Bernard*, 3 AD3d 305, 306 [1st Dept 2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.