Xenias v Roosevelt Hosp. (2020 NY Slip Op 01289)





Xenias v Roosevelt Hosp.


2020 NY Slip Op 01289


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


800014/15 11112A 11112

[*1] Anastasia Xenias, Plaintiff-Appellant,
v
The Roosevelt Hospital doing business as Mount Sinai West, et al., Defendants-Respondents.


Anastasia Xenias, appellant pro se.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered August 10, 2018, dismissing the complaint, and bringing up for review an order (same court and Justice), entered June 6, 2018, which granted defendants' motion to dismiss the complaint, and order (same court and Justice), entered December 13, 2018, which, upon granting reargument, adhered to its prior determination, unanimously affirmed, without costs. Appeal from June 6, 2018 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff alleges that, after her father's death at Mount Sinai West Hospital, defendants engaged in conduct that constituted negligent infliction of emotional distress (see generally Sheila C. v Povich, 11 AD3d 120, 130 [1st Dept 2004]). The claim was properly dismissed since the allegations do not set forth the breach of a duty of care owed to plaintiff (see DeCintio v Lawrence Hosp., 299 AD2d 165, 166 [1st Dept 2002], lv denied 100 NY2d 549 [2003]; Yates v Genesee County Hospice Found., 278 AD2d 928, 929 [4th Dept 2000]), or that defendants' actions caused plaintiff to fear for her safety (see Nainan v 715-723 Sixth Ave. Owners Corp., 177 AD3d 489, 491 [1st Dept 2019]; Sheila C., 11 AD3d at 130]). Extreme and outrageous conduct continues to be an essential element of a cause of action alleging negligent infliction of emotional distress (see Holmes v City of New York, 178 AD3d 496 [1st Dept 2019]; Melendez v City of New York, 171 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 914 [2019]; but see Taggart v Costabile, 131 AD3d 243 [2d Dept 2015]). Whether the requisite outrageousness has been alleged is, in the first instance, an issue of law for the courts (Cavallaro v Pozzi, 28 AD3d 1075, 1078 [4th Dept 2006]; Sheila C. 11 AD3d at 131). Although the alleged removal of plaintiff from the decedent's room following his passing was distressing to her, it was not sufficiently extreme or outrageous so as to support plaintiff's claim (see generally Sheila C., supra).
The court properly rejected plaintiff's argument that defendants wrongfully withheld the decedent's medical records. Plaintiff was appointed administrator of decedent's estate prior to the alleged withholding, and this argument should be raised in her capacity as administrator (see Public Health Law § 18[1][g], [3]; see also Smalls v St. John's Episcopal Hosp., 152 AD3d 629, 630 [2d Dept 2017]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK