A.M. v Holy Resurrection Greek Orthodox Church of Brookville (2021 NY Slip Op 00102)





A.M. v Holy Resurrection Greek Orthodox Church of Brookville


2021 NY Slip Op 00102


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 156132/16 Appeal No. 12834 Case No. 2020-02258 

[*1]A.M., et al., Plaintiffs-Appellants,
v
Holy Resurrection Greek Orthodox Church of Brookville, et al., Defendants-Respondents, Father Demetrios Kehagias, Defendant.


Herman Law, New York (Jeffrey M. Herman of counsel), for appellants.
Steven F. Goldstein, L.L.P., Carle Place (Howard S. Kass of counsel), for Holly Resurrection Greek orthodox Church of Brookville, New York, respondent.
Rutherford & Christie, LLP, New York (David S. Rutherford of counsel), for Greek Orthodox Archdiocese of America and Archbishop Demetrios Trakatellis, respondents.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered February 26, 2020, which granted the motions of defendants Holy Resurrection Greek Orthodox Church of Brookville, New York a/k/a Greek Orthodox Church of the Holy Resurrection and Church of the Holy Resurrection (the Church) and Greek Orthodox Archdiocese of America and Archbishop Demetrios Trakatellis (the Archdiocese defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs are a minor child who was sexually assaulted by the infant son of defendant Father Demetrios Kehagias, and his sister, also a minor, who partially witnessed the assault. The assault occurred during a weekly coffee reception following services at the defendant Church, where Kehagias was the temporary substitute priest.
"Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]). Although issues of fact exist with respect to whether the Church or Archdiocese defendants exercised sufficient control over the method and means of Kehagias's work to render him their employee, it is clear as a matter of law that Kehagias was not acting in furtherance of Church or Archdiocese business and within the scope of his employment at the time of the incident (see id.). While it was reasonably foreseeable that Kehagias would attend the weekly coffee reception, it was not foreseeable or in furtherance of Church/Archdiocese business for him to knowingly introduce a potential child sexual predator into this environment, without notifying anyone, and leave him unattended.
Because Kehagias was not acting on the Church or Archdiocese defendants' behalf in committing the subject misconduct, his knowledge regarding the risk of child sexual abuse posed by his son may also not properly be imputed to the Church and Archdiocese defendants (see generally Center v Hampton Affiliates, 66 NY2d 782, 784 [1985]; Skiff-Murray v Murray, 17 AD3d 807, 810 [3d Dept 2005]).
Plaintiffs' negligent supervision, negligent failure to train, negligent failure to warn, and negligent premises liability claims fail insofar as there is nothing in the record to indicate that the Church or Archdiocese defendants had any awareness of Kehagias's son's propensity for sexual violence (see generally Jacqueline S. v City of New York, 81 NY2d 288, 293-295 [1993]; Herman v State, 63 NY2d 822, 823 [1984]; Osvaldo D. v Rector Church Wardens & Vestrymen of Parish of Trinity Church of N.Y., 38 AD3d 480, 480-481 [1st Dept 2007]; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [2d Dept 1997], lv dismissed 91 NY2d 848 [1997], cert denied 522 US 967 [1997]).
Plaintiffs' negligent infliction of emotional distress claim fails in the absence of any allegations of [*2]extreme and outrageous conduct by the Church or Archdiocese defendants (see generally Xenias v Roosevelt Hosp., 180 AD3d 588, 589 [1st Dept 2020]; Sheila C. v Povich, 11 AD3d 120, 130-131 [1st Dept 2004]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021