Parker v Trustees of the Spence Sch., Inc. (2022 NY Slip Op 03055)

Parker v Trustees of the Spence Sch., Inc.

2022 NY Slip Op 03055

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 

Index No. 155427/19 Appeal No. 15492-15492A-15492B Case No. 2020-04634 2020-04721 

[*1]Adam Parker et al., Plaintiffs-Appellants,
v
Trustees of the Spence School, Inc., Doing Business as The Spence School, Defendant-Respondent. 

Clarke Locke LLP, Alexandria, VA (Joseph R. Oliveri of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Troutman Pepper Hamilton Sanders LLP, New York (Michael E. Baughman of counsel), for respondent.

Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered October 29, 2020, dismissing the complaint, unanimously reversed, on the law, without costs, and the judgment vacated. Order, same court and Justice, entered on or about October 26, 2020, which granted the part of defendant's motion seeking to dismiss the complaint and denied as moot the part seeking, pursuant to CPL 3024(b), to strike paragraphs 7-9, 60-71, 121-123, and 139-145 of the complaint, to the extent brought up for review by the appeal from the judgment, unanimously modified, on the law, to deny the motion to dismiss as to the breach of contract claim and to deny the motion to strike on the merits, and otherwise affirmed, without costs. Appeal from order otherwise unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The slander claim was correctly dismissed for failure to sufficiently allege damages. Attending school does not count as a "trade, business or profession," so as to bring this case within the realm of slander per se (see Stein v Trager, 36 Misc 2d 227, 229 [Sup Ct, Erie County 1962]; Cain v Esthetique, 182 F Supp 3d 54, 73 [SD NY 2016], affd 733 Fed Appx 8 [2d Cir 2018], cert denied __ US __, 139 S Ct 1199 [2019]; TC v Valley Cent. Sch. Dist., 777 F Supp 2d 577, 603 [SD NY 2011]), and plaintiffs did not adequately allege "the loss of something having economic or pecuniary value," so as to plead special damages (Liberman v Gelstein, 80 NY2d 429, 434-435 [1992] [internal quotation marks omitted]). In view of our disposition of this issue, we need not reach the question of whether the allegedly slanderous statements constituted nonactionable opinion.
The libel claim was correctly dismissed because the challenged statements in the allegedly defamatory letter were substantially true (see generally Franklin v Daily Holdings, Inc., 135 AD3d 87, 94 [1st Dept 2015]).
The intentional and negligent infliction of emotional distress claims were correctly dismissed for lack of extreme and outrageous conduct (see generally Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016]; Xenias v Roosevelt Hosp., 180 AD3d 588, 589 [1st Dept 2020]).
The breach of contract claim should be reinstated insofar as it alleges that defendant breached its enrollment contract by failing to follow the appropriate procedures before finding their child guilty of a Major Nonacademic Infraction. We find that an inference could reasonably be drawn that the child was found guilty of a Major Nonacademic Infraction and not a violation of a non-major rule.
The other alleged breaches are not cognizable. Plaintiffs allege that defendant breached its harassment policy by failing to investigate complaints that their child was being harassed, but this policy applied only to "harassment based on race, sex, religion, national origin, age, disability, sexual orientation or any other characteristic protected by law," none of which were the basis for the alleged harassment[*2]. Plaintiffs allege that defendants' community standards were not enforced in other situations, but whether the standards were enforced in other situations is not relevant to whether they were properly enforced in this instance.
Defendant's motion to strike pursuant to CPLR 3024(b), should be denied inasmuch as the allegations may be relevant to plaintiffs' remaining claim (see e.g. Hirsch v Stellar Mgt., 148 AD3d 588 [1st Dept 2017]) in the context of a more developed record.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022