In the Matter of ROSIE THOMAS, Appellant, v ROSALIND G. DOSBERG et al., as Executors of HARRY E. DOSBERG, Deceased, et al., Respondents. [672 NYS2d 164] —Order unanimously affirmed without costs. Memorandum: Petitioner is a certified home health aide who was employed by Harry E. Dosberg, a 93-year-old quadriplegic, to provide 24-hour care. After Dosberg terminated petitioner's employment, petitioner filed a complaint with respondent New York State Division of Human Rights (SDHR) alleging racial discrimination. Upon investigation, SDHR found that petitioner was employed in the domestic service of Dosberg (*see,* Executive Law § 292 [6]) and dismissed the complaint pursuant to section 297 (2) (a) of the Executive Law for lack of jurisdiction. Petitioner commenced this proceeding pursuant to section 298 of the Executive Law to review that determination.

Supreme Court properly denied the petition. The regulations of the New York State Department of Health define a "home health aide" as "a person who carries out health care tasks under the supervision of a registered nurse or licensed therapist and who may also provide assistance with personal hygiene, housekeeping and other related supportive tasks to a patient with health care needs in his/her home" (10 NYCRR 700.2 [b] [9]). Home health aides perform "simple health care tasks, personal hygiene services, housekeeping tasks essential to the patient's health and other related supportive services" (Public Health Law § 3602 [4]). "Additional services include, but are not limited to, the following: assisting the patient with activities of daily living (helping to bathe, to get in and out of bed, to care for hair and teeth, to exercise, to take medications specially ordered by a physician which are ordinarily self-administered); [and] assisting the patient with necessary self-

help skills" (10 NYCRR 444.19 [*l*] [1]). The record establishes that petitioner, consistent with those provisions, was employed by Dosberg to attend to his health and personal hygiene needs, to cook for him, to transport him, and otherwise to care for him.

Although the term "domestic service" is not defined in the Human Rights Law, it is apparent that the Legislature did not intend to extend its reach into private homes and to subject private employment relationships of the most personal kind to governmental control. The origin of the Human Rights Law is the Law Against Discrimination, which was drafted by the New York State Temporary Commission Against Discrimination (Temporary Commission) and enacted in 1945 (L 1945, ch 118 [Executive Law former art 12]). That law also addressed discrimination in the workplace and exempted "any individual employed * * * in the domestic service of any person" from its provisions (Law Against Discrimination, Executive Law former § 127 [6]). The Temporary Commission explained in its report that "[t]he exception of personal relationships in homes * * * avoids intrusions which would stimulate resentment, stultify enforcement and risk various constitutional inhibitions" (Report of NY State Temp Commn Against Discrimination, 1945 NY Legis Doc No. 6, at 28).

There are no cases in New York discussing the statutory exception. The controlling legal opinion within the SDHR is that, "[i]n order to determine whether a person assigned to work in a household is in 'domestic service', consideration must be given to all relevant factors, such as the nature of the task, the relation of the task to the maintenance and enjoyment of the home and the comfort and convenience of the members of the household, the duration of the task, the skill required for its performance, the closeness of the contacts required by it, and the extent of the householder's direction of the task" (Legal Opn of General Counsel, re: Home and Family Services, Mar. 24, 1966). We note in addition that, under Federal law, home health aides are exempt from the overtime requirements of the Fair Labor Standards Act because they are considered "domestic service" employees who are employed "to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" (29 USC § 213 [a] [15]; *see, Cox v Acme Health Servs.*, 55 F3d 1304 [7th Cir 1995]; *see also, McCune v Oregon Senior Servs. Div.*, 894 F2d 1107, 1110-1111 [9th Cir 1990]).

SDHR's construction of the law "is entitled to great weight unless manifestly wrong" (*State Div. of Human Rights v Xerox*

*Corp.*, 102 AD2d 543, 548, *affd* 65 NY2d 213). "[T]he practical construction of [a] statute by the agency charged with implementing it, if not unreasonable, is entitled to deference by the courts" (*Matter of Harris & Assocs. v deLeon*, 84 NY2d 698, 706). SDHR's interpretation of the statutory exception and application of that exception to this case comport with the legislative history and are not manifestly wrong or unreasonable. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Executive Law.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.