■ In the Matter of ANNEX HOTEL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [846 NYS2d 94]—

Determination of respondent Commissioner of State Division of Human Rights dated September 26, 2006, finding petitioner hotel liable for the allegedly hostile work environment to which its co-owner allegedly subjected the complainant, and awarding the complainant $250,000 for mental anguish and humiliation, unanimously annulled, on the law, without costs, the petition (transferred to this Court by order of the Supreme Court, New York County [Nicholas Figueroa, J.], entered April 2, 2007) granted, and the underlying administrative complaint dismissed.

We annul for two reasons. First, the inexplicable 17-year delay between the filing of the complaint and respondent's final order caused substantial prejudice to petitioner, whose key witness, the person who allegedly committed the sexual harassment, died before his testimony was taken (*see Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816, 818 [1979]). Second, respondent lacked jurisdiction. As found by the Administrative Law Judge who presided over the hearing, the complainant's testimony established that she was employed by petitioner hotel's owners, a husband and wife, as a housekeeper in their private residence, cleaning their home, doing their laundry, shopping and cooking, and walking their dog. She was clearly their domestic employee, not an employee of the hotel covered by the Human Rights Law. "Although the term 'domestic service' is not defined in the Human Rights Law, it is apparent that the Legislature did not intend to extend its reach into private homes and to subject private employment relationships of the most personal kind to governmental control" (*Matter of Thomas v Dosberg*, 249 AD2d 999, 1000 [1998]). The fact that the complainant was paid by checks drawn on the hotel's account or occasionally did some filing or cleaning in the hotel's office, which was located in the same building as the private residence in which she was employed, is insufficient to establish that she was an employee of the hotel, given her testimony to the contrary. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.