Bateman v Montefiore Med. Ctr. (2020 NY Slip Op 02969)





Bateman v Montefiore Med. Ctr.


2020 NY Slip Op 02969


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


11538 309690/11

[*1] Marsha Bateman, Plaintiff-Appellant,
v
Montefiore Medical Center, et al., Defendants-Respondents.


Umoh Law Firm, PLLC, Brooklyn (Uwem Umoh of counsel), for appellant.
Littler Mendelson P.C., New York (Jean L. Schmidt of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 30, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims for employment discrimination, hostile work environment, and retaliation under the New York State and City Human Rights Laws (State and City HRLs), unanimously modified, on the law, to deny the motion to the extent it sought dismissal of plaintiff's claims for race-based employment discrimination, hostile work environment and retaliation in violation of the State and City HRLs, and otherwise affirmed, without costs.
There is no dispute that plaintiff met the first three elements, under both statutes, for a prima facie claim of employment discrimination, in that she was a black woman, was qualified for her position, and was subjected to an adverse employment action by being terminated. She also showed that she met the alternative element, under the City Human Rights Law, of showing that she was disadvantaged. The dispute turns on whether defendants terminated plaintiff for discriminatory reasons (see Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]).
Plaintiff points to evidence that Dr. Reznik regularly favored white employees over black employees, by giving white employees better assignments while giving black employees undesirable assignments supposedly more consistent with their ethnicity. Plaintiff also alleges that Dr. Reznik regularly referred to black employees, collectively, in a critical manner clear from context, as "you people" or "those people." Plaintiff also testified that she heard Dr. Reznik mutter, in a critical manner, "black people," when chastising plaintiff. This evidence raises issues of fact as to whether defendants terminated plaintiff for invidious reasons.
Defendants responded by proffering a facially legitimate reason for terminating plaintiff, namely, that she failed in many, if not most, of her job requirements, and failed to improve after being given a warning and final chance (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Viewed as a whole, however, we find that issues of fact exist as to whether the proffered reason was pretextual (cf. Uwoghiren v City of New York, 148 AD3d 457, 458 [1st Dept 2017]), and thus, defendants' motion should be denied to the extent it seeks dismissal of plaintiff's claims for race-based employment discrimination.
The court, however, properly dismissed plaintiff's claims for national origin-based employment discrimination, since those claims are without evidentiary support in the record.
There are also issues of fact as to whether plaintiff was disparaged and treated unfairly for months, including being repeatedly subjected to remarks, thinly-veiled and on one occasion express, which slighted black people as a group. This evidence, if credited, supports a hostile work environment claim under the State and City HRLs (see Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012]).
In support of her retaliation claims, plaintiff points to evidence that, on September 21, 2010, she complained that defendants were discriminating against her on account of her race. [*2]Some days later, plaintiff elaborated on this complaint in a lengthy interview with one of Montefiore's Human Resources (HR) professionals. Defendants responded to plaintiff's complaint by terminating her on October 5, 2010. This close temporal relationship between plaintiff's complaints and her termination is, by itself, enough to support a finding of a causal connection between them (see Harrington, 157 AD3d at 586; Krebaum v Capital One, N.A., 138 AD3d 528, 528-529 [1st Dept 2016]). Furthermore, during the interview, the HR officer strongly suggested that plaintiff would be punished for speaking out, which further supports a finding of causal connection between plaintiff's complaints and her termination. Accordingly, triable issues of fact exist as to whether defendants terminated plaintiff in retaliation for her complaints about racial discrimination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK