Wolfe-Santos v NYS Gaming Commn. (2020 NY Slip Op 06976)





Wolfe-Santos v NYS Gaming Commn.


2020 NY Slip Op 06976


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 160963/16 Appeal No. 12467 Case No. 2018-6103 

[*1]Marivi Wolfe-Santos, Plaintiff-Appellant,
v
NYS Gaming Commission et al., Defendants-Respondents, M&A Gourmet Deli Grocery, Inc., etc., Defendant.


Bergstein & Ullrich, LLP, New Paltz (Stephen Bergstein of counsel), for appellant.
Letitia James, Attorney General, New York (Joshua M. Parker of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 12, 2018, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion to dismiss plaintiff's causes of action alleging hostile work environment under the New York City Human Rights Laws and her claims against defendant Lisa Lee, unanimously affirmed, without costs.
The complaint fails to state a cause of action for hostile work environment under the City Human Rights Law (Administrative Code of City of NY § 8—107), because it does not allege that [*2]respondents' actions occurred under circumstances that give rise to an inference of discrimination (see Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 26 [1st Dept 2014]). Nor does it allege facts that would establish that she was treated less well than similarly situated probationary employees because of her disability (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621 [1st Dept 2013]). Instead, the complaint asserts the legal conclusions that the individual defendants' actions  such as adjusting her time card to reflect a late arrival at work, telling plaintiff that as a probationary employee she could be terminated at any moment and giving her a negative performance review were due to her disability (see Askin, 110 AD3d at 622). 
Absent sufficient allegations of discriminatory acts, plaintiff's claim against defendant Lee cannot be sustained pursuant to the City Human Rights Law and was properly dismissed (see Stallings v U.S. Elecs., 270 AD2d 188, 188 [1st Dept 2000]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020