Adolph v Hill-Kirby (2023 NY Slip Op 02962)

Adolph v Hill-Kirby

2023 NY Slip Op 02962

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 152919/22 Appeal No. 418 Case No. 2022-04487 

[*1]Barbie Laine Rosario Adolph, Plaintiff-Appellant,
v
Margot Hill-Kirby etc., et al., Defendants-Respondents.

Phillips & Associates, New York (Stefanie Shmil of counsel), for appellant.
Wiggin and Dana LLP, New York (Lawrence Peikes of counsel), for respondents.

Order, Supreme Court, New York County (Richard Latin, J.), entered on or about August 1, 2022, which granted defendants' motion to dismiss the causes of action seeking damages under the New York State Human Rights Law and New York City Human Rights Law (the first through eleventh causes of action), unanimously affirmed, without costs.
Plaintiff failed to state a claim upon which relief may be granted for violations of the New York State Human Rights Law. Under former Executive Law § 296-b(2)(b), the statute in effect at the time, individuals employed in domestic service were limited to seeking recourse only for claims of harassment. However, the complaint failed to allege a cause of action for harassment under the applicable statute (id. § 296[1][h]), instead alleging only discrimination (id. §§ 296[1][a]; 296[3][a], [6], [7]), which was not covered under the version of the New York State Human Rights Law then in effect (see Matter of Thomas v Dosberg, 249 AD2d 999, 1000 [4th Dept 1998]; cf. Matter of State Div. of Human Rights v Austin, 196 AD3d 409, 409 [1st Dept 2021]). In any event, the few alleged remarks made by defendant Lizette Yusay are insufficient to state a claim for harassment on the basis of plaintiff's disability (see Lent v City of New York, 209 AD3d 494, 494-495 [1st Dept 2022], lv dismissed 39 NY3d 1118 [2023]; Wolfe-Santos v New York State Gaming Commn., 188 AD3d 622, 622 [1st Dept 2020]).
As to plaintiff's New York City Human Rights Law claims, plaintiff failed to state a claim upon which relief may be granted because the complaint does not allege that defendants employed more than four people during the 12 months before the start of the alleged unlawful discriminatory practice and continuing through the end of the alleged unlawful discriminatory practice (see Administrative Code of City of New York § 8-102; Sorge v Gona Realty, LLC, 188 AD3d 474, 475 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023