| |
|---|
| **Maldonado v City of New York** |
| 2024 NY Slip Op 33163(U) |
| September 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161205/2021 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. J. MACHELLE SWEETING**    PART    62
           *Justice*

-------------------------------------------------------------------------X

LIZETTE MALDONADO,                          INDEX NO.        161205/2021

                          Plaintiff,        MOTION DATE      07/13/2023

             - v -                          MOTION SEQ. NO.     001

THE CITY OF NEW YORK,                       **DECISION + ORDER ON
                                            MOTION**
                          Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for _____DISMISSAL_____.

Plaintiff Lizette Maldonado brings this purported class action against her employer, defendant The City of New York (the "City"), for alleged discrimination based on disability in violation of the New York State Human Rights Law ("NYSHRL") (Executive Law § 296 *et seq.*) and the New York City Human Rights Law ("NYCHRL") (Administrative Code of the City of New York § 8-107 *et seq.*).  On this motion, defendant moves, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the complaint in its entirety.  For the reasons set below, the motion is granted.

## Factual Background

The following facts are drawn from the complaint and are assumed to be true for purposes of this pre-answer motion (*Sassi v Mobile Life Support Servs., Inc.*, 37 NY3d 236, 239 [2021]). Plaintiff is a uniformed staff member of the New York City Department of Correction ("DOC") and holds the rank of correction officer (NY St Cts Elec Filing [NYSCEF] Doc No. 2, complaint ¶¶ 4, 12).  Plaintiff was diagnosed with a form of pancreatic cancer and was hospitalized from June

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**          **Page 1 of 11**
  **Motion No.  001**

1 of 11

[* 1]

29, 2020 to July 3, 2020 for surgery to remove a tumor (*id.*, ¶¶ 6-7). Thereafter, plaintiff was monitored for signs of cancer, with such monitoring set to end on December 31, 2023 (*id.*, ¶¶ 8-9). Plaintiff's physicians prescribed certain "environmental adjustments" to plaintiff's life, such as refraining from engaging in physical or mentally heavy workloads (*id.*, ¶ 11). Plaintiff furnished DOC's Health Management Division ("HMD") with medical reports and her physicians' requests for reasonable accommodations, including an exemption from "redeployment or transfer back to the island" and minimal overtime (*id.*, ¶¶ 12-13). DOC granted the request on October 19, 2021 (*id.*, ¶ 15). DOC exempted plaintiff from redeployment and overtime and placed plaintiff on "medically monitored restricted" ("MMR") status, specifically MMR-3 status, which is the most medically restricted of the three MMR levels (*id.*, ¶¶ 15-18). Plaintiff alleges that on December 6, 2021, HMD "declared [her] completely recovered from cancer, and ordered her back to work full duty," thereby ending the reasonable accommodations that had been granted, even though her physicians had concluded the monitoring period should end in December 2023[1] (*id.*, ¶¶ 19-20).

Plaintiff alleges that defendant has been confronted with claims of racial, gender, ethnic and disability discrimination dating back to at least January 1, 2011, which escalated when the decision to close Rikers Island was announced in April 2017 (*id.*, ¶¶ 21-24). Plaintiff alleges that defendant has sought to reduce the number of uniformed service members employed by DOC "in furtherance of the Department's criminal justice reform [efforts]" (*id.*, ¶ 34) by "resort[ing] to obscene hostile work environments, including allowing inmates to sexually harass and assault female uniforms staff" (*id.*, ¶ 30). Plaintiff further alleges that defendant has increased its practice of "fabricating claims of misconduct for purposes of discipline and termination" to reduce DOC's headcount "by means other than layoffs" (*id.*, ¶ 44). Citing a 2018 DOC workplace demographics

---

[1] The year 2023 appears to be a scrivener's error, as the complaint also alleges that the monitoring period would conclude in December 2021 (NYSCEF Doc No. 2, ¶ 20).

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**                    **Page 2 of 11**
  **Motion No.  001**

2 of 11

[* 2]

report, plaintiff alleges that "the "'DOC employees [who] are largely Black and [Hispanic] … [are being] disproportionately harm[ed]'" (*id.*, ¶¶ 35, 37 and 45-53).

Plaintiff commenced this purported class action on December 15, 2021 by filing a summons and complaint pleading two causes of action for disability discrimination under the NYSHRL and NYCHRL. Plaintiff seeks compensatory damages under Administrative Code § 8-120 (a) (8) and punitive damages under Administrative Code § 8-502 (a). In lieu of serving an answer, defendant moves to dismiss the complaint. Plaintiff opposes.

## **Discussion**

On a motion to dismiss brought under CPLR 3211 (a) (7), "the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 87-88). Dismissal is warranted if "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc*., 29 NY3d 137, 142 [2017]). Likewise, "'factual allegations … that consist of bare legal conclusions, or that are inherently incredible …, are not entitled to such consideration'" (*Mamoon v Dot Net Inc.*, 135 AD3d 656, 656 [1st Dept 2016] [citation omitted]).

Dismissal under CPLR 3211 (a) (1) is appropriate where the documentary evidence utterly refutes the plaintiff's claims and conclusively establishes a defense as a matter of law (*Audthan LLC v Nick & Duke, LLC*, — NY3d —, —, 2024 NY Slip Op 02223, *5 [2024]). To qualify as documentary evidence, the evidence must be "unambiguous[,] … of undisputed authenticity …

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**                           **Page 3 of 11**
  **Motion No.  001**

[* 3]

[and] its contents … essentially undeniable" (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019] [internal quotation marks and citation omitted]).

## A. Discrimination Based on Disability

Defendant contends that the documentary evidence conclusively refutes the claim that DOC returned plaintiff to full duty status on December 6, 2021, as alleged in the complaint. In support, defendant tenders an affidavit from Natasha Cofield ("Cofield"), a Correction Captain who has held the role of "The Absence Control Supervisor" at DOC since June 2022 (NYSCEF Doc No. 6, Cofield aff, ¶ 1-2). Cofield avers that DOC maintains an electronic "Sick Record Report" for each employee on which changes to the employee's duty status, including whether the employee is on MMR status or full duty status, are recorded (*id.*, ¶¶ 5-6). According to a Sick Record Report for plaintiff covering the period June 2, 2021 to June 1, 2022, plaintiff was on "sick leave status" from December 4, 2021 to May 9, 2022, and returned to MMR-3 status on May 10, 2022 (*id.*, ¶¶ 6-7). Defendant contends that, based on this document and Cofield's averments, the complaint fails to state a cause of action for employment discrimination because the adverse personnel action complained of never occurred. Defendant also contends that the complaint's allegations fail to sufficiently plead a claim for disability discrimination.

Plaintiff counters that defendant's documentary evidence is not dispositive, and that the complaint adequately pleads a claim for discrimination.

The NYSHRL renders it unlawful for an employer to discriminate against an employee based on the employee's disability (Executive Law § 296 [1] [a]). Executive Law § 292 (21) limits what constitutes a "disability," which can include a physical, mental or medical impairment, to mean "disabilities which, upon the provision of reasonable accommodations, do not prevent the

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 4 of 11**

4 of 11

complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." Under Executive Law § 296 (3), an employer cannot "refuse to provide reasonable accommodations to the known disabilities … of an employee." Executive Law § 292 (21-e) defines "reasonable accommodation" to mean "actions taken which permit an employee …with a disability … to perform in a reasonable manner the activities involved in the job."

The NYCHRL renders it unlawful for an employer to discriminate against an employee based on that employee's actual or perceived disability (Administrative Code § 8-107 [1] [a]). A "disability" is a "physical, medical, mental, or psychological impairment" (Administrative Code § 8-102), and the NYCHRL obligates an employer to "make reasonable accommodation to the needs of persons with disabilities" (Administrative Code § 8-107 [15]). The term "reasonable accommodation" means "such accommodation that can be made that does not cause undue hardship in the conduct of the covered entity's business" (Administrative Code § 8-102). The NYCHRL also provides that "it shall be an affirmative defense that the person aggrieved by the alleged discriminatory practice could not, with reasonable accommodation, satisfy the essential requisites of the job or enjoy the right or rights in question" (Administrative Code § 8-107 [15] [b]). The employer bears the burden of pleading this defense (*Romanello v Intesa Sanpaolo, S.p.A.*, 22 NY3d 881, 885 [2013]).

Here, Cofield's affidavit and the Sick Record Report do not qualify as documentary evidence for purposes of CPLR 3211 (a) (1) (*see Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP*, — AD3d —, 2024 NY Slip 02670, *2 [1st Dept 2024]). However, on a CPLR 3211 (a) (7) motion, "[w]hen documentary evidence is submitted by a defendant 'the standard morphs from whether the plaintiff stated a cause of action to whether it has one'" (*Basis Yield*

161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK
Motion No.  001

Page 5 of 11

5 of 11

*Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014] [citation omitted]).  In that case, the complaint will be dismissed if the evidence demonstrates that the plaintiff has no cause of action (*id.*; *see also Holder v Jacob*, — AD3d —, 2024 NY Slip Op 03864, *6-7 [1st Dept 2024] [stating that the "evidentiary material such as affidavits … must conclusively establish a defense to the plaintiff's claims as a matter of law"]).  Under these principles, defendant has demonstrated that plaintiff has no cause of action for disability discrimination under either the NYSHRL or the NYCHRL.  The evidence demonstrates that DOC did not return plaintiff to full duty on December 6, 2021 as plaintiff has alleged, that plaintiff remained on medical leave through May 9, 2022, and that plaintiff returned to work on MMR-3 status on May 10, 2022.  According to the complaint, MMR-3 status is the most restricted of the three MMR statuses at DOC.

Assuming the evidence does not conclusively establish that plaintiff has no cause of action for disability discrimination, the complaint is legally insufficient under the lenient notice pleading standards applied in discrimination cases (*see Toth v New York City Dept. of Citywide Admin. Servs.*, 119 AD3d 431, 431 [1st Dept 2014], citing *Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 144-145 [1st Dept 2009]).  To state a cause of action for invidious employment discrimination under the NYSHRL and the NYCHRL, the plaintiff must allege:

> "(1) that he/she is a member of a protected class, (2) that he/she was qualified for the position, (3) that he/she was subjected to an adverse employment action (under State HRL) or he/she was treated differently or worse than other employees (under City HRL), and (4) that the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination" (*Harrington v City of New York*, 157 AD3d 582, 584 [1st Dept 2018]).

Giving the complaint every favorable inference, the complaint adequately pleads the first three elements.  The complaint alleges that plaintiff was diagnosed with cancer (*see Leon v State Univ. of N.Y.*, 120 AD3d 771, 772 [2d Dept 2014] [disability related to cancer surgery]).  Plaintiff was, at a minimum, qualified for the position of a correction officer (*see Gregory v Daly*, 243 F3d

161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK
Motion No.  001

Page 6 of 11

687, 696 [2d Cir 2001] ["by hiring the employee, the employer itself has already expressed a belief that she is minimally qualified"]). Defendant allegedly returned plaintiff to full duty, thereby removing plaintiff's reasonable accommodations (*see Aykac v City of New York*, 221 AD3d 494, 495 [1st Dept 2023]). The complaint, though, fails to plead any factual allegations sufficient to support the inference that this action occurred under circumstances giving rise to an inference of disability discrimination (*see Lively v Wafra Inv. Advisory Group, Inc.*, 211 AD3d 432, 433 [1st Dept 2022]; *Llanos v City of New York*, 129 AD3d 620, 620 [1st Dept 2015]; *Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]), nor does the complaint contain any factual allegations that plaintiff was treated less well than other similarly situated correction officers because of her disability (*see Wolfe-Santos v NYS Gaming Commn.*, 188 AD3d 622, 622 [1st Dept 2020]). Accordingly, the first and second causes of action for disability discrimination under the NYSHRL and the NYCHRL are dismissed.

### B. Plaintiff's Claim for Punitive Damages

The complaint seeks punitive damages under Administrative Code § 8-502 (a) on the disability discrimination claims (NYSCEF Doc No. 2 at 13-14).

In *Krohn v New York City Police Dept.* (2 NY3d 329, 338 [2004]), the Court of Appeals explained that "persons claiming … employment discrimination cannot recover punitive damages pursuant to section 8-502 as the provision does not clearly, expressly and specifically waive New York City's sovereign immunity." Thus, plaintiff cannot recover punitive damages from defendant, and the claim for punitive damages under Administrative Code § 8-502 (a) is dismissed.

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**
  **Motion No.  001**

**Page 7 of 11**

7 of 11

### C. Discrimination Based on Gender and Race/Ethnicity

To the extent the complaint can be construed to plead causes of action for gender or race/ethnicity-based discrimination, defendants contend that the complaint fails to plead plaintiff's gender and race/ethnicity and fails to plead any facts describing a discriminatory intent.

Both the NYSHRL and NYCHRL make it an unlawful employment practice to discriminate against an employee based on gender or race (Executive Law § 296 [1] [a]; Administrative Code § 8-107 [1] [a]). Here, the complaint fails to plead plaintiff's gender or race/ethnicity, which is a necessary element of plaintiff's *prima facie* case for discrimination (*see Batemen v Montefiore Med. Ctr*., 183 AD3d 489, 489 [1st Dept 2020]; *Johnson v IAC/InterActiveCorp*, 179 AD3d 551, 553 [1st Dept 2020], *lv denied* 35 NY3d 912 [2020]). Plaintiff's attempt to cure this deficiency in a memorandum of law (NYSCEF Doc No. 13, plaintiff's mem of law at 14) fails, since plaintiff "'may not amend [her] complaint … via statements in a memorandum of law" (*Cambridge Invs. LLC v Prophecy Asset Mgt., LP*, 188 AD3d 521, 521 [1st Dept 2020], *lv denied* 37 NY3d 906 [2021] [citation omitted]). In any case, the gender and race/ethnicity discrimination claims suffer from the same infirmities as the disability discrimination claims. The complaint fails to plead any factual allegations tending to show that defendant was motivated by discrimination based on gender or race/ethnicity (*see Lively*, 211 AD3d at 433; *Toth*, 119 AD3d at 431 [failure to plead discriminatory animus fatal to the NYSHRL and NYCHRL claims]) or that plaintiff was treated less well because of a protected characteristic (*see Wolfe-Santos*, 188 AD3d at 622; *Chin v New York City Hous. Auth*., 106 AD3d 443, 445 [1st Dept 2013], *lv denied* 22 NY3d 861 [2014]). Accordingly, the claims for discrimination based on gender and race/ethnicity under the NYSHRL and NYCHRL are dismissed.

### D. Disparate Treatment

To the extent the complaint can be construed to assert a claim for disparate treatment, defendant submits this claim must be dismissed because plaintiff has not identified a comparator who was treated more favorably.

A cause of action for disparate treatment requires the plaintiff to identify similarly situated employees who did not share the plaintiff's protected characteristic and who were treated more favorably than the plaintiff (*see Etienne v MTA N.Y. City Tr. Auth*., 223 AD3d 612, 612 [1st Dept 2024]). The other employees must be "similarly situated [to the plaintiff] in all material respects" (*id*., quoting *Shah v Wilco Sys., Inc*., 27 AD3d 169, 177 [1st Dept 2005]). The complaint herein recites numerous statistics concerning the demographics of the employees at DOC and alleges that "'budget cuts will disproportionately harm communities of color'" (NYSCEF Doc No. 2, ¶ 34). However, "[m]ere disparate treatment, without a showing that the disparity was based on a protected characteristic, does not amount to discrimination" (*Abe v New York Univ*., 169 AD3d 445, 447 [1st Dept 2019], *lv dismissed* 34 NY3d 1089 [2020]). Even after according the plaintiff the benefit of every possible favorable inference, the disparate treatment claim is legally insufficient. Plaintiff did not address this part of the motion, and as such, the claim is dismissed as abandoned (*see Norris v Innovative Health Sys., Inc*., 184 AD3d 471, 473 [1st Dept 2020]).

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 9 of 11**

### E. The Constitutional Claims

The complaint makes only a passing reference to the New York State Constitution in connection with a jury demand (NYSCEF Doc No. 2, ¶ 3). Not only are the allegations for a constitutional claim insufficiently pled, but plaintiff does not have a private cause of action for discrimination under the New York State Constitution because the NYSHRL and NYCHRL provide plaintiff with adequate remedies (*see Muhammad v New York City Tr Auth.*, 450 F Supp 2d 198, 212 [ED NY 2006] ["recognition of a State constitutional tort is unnecessary in this case to afford plaintiff a remedy" where the religious discrimination claim could be addressed under the NYSHRL]). Plaintiff did not address this part of the motion (*see Norris*, 184 AD3d at 473). Accordingly, any constitutional claim for discrimination is dismissed.

### F. Civil Service Law § 80

Defendant moves to dismiss plaintiff's claim brought under Civil Service Law § 80 on the ground that the statute does not apply to individual employment decisions. The complaint, though, does not mention Civil Service Law § 80, and even after construing the complaint broadly in plaintiff's favor, it is unclear if plaintiff even sought to plead a claim under this statute. Plaintiff, at any rate, has not addressed any part of the Civil Service Law in the opposing papers (*see Norris*, 184 AD3d at 473).

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 10 of 11**

10 of 11

Accordingly, it is hereby:

**ORDERED** that the motion brought by defendant The City of New York to dismiss the complaint of plaintiff Lizette Maldonado is granted, and the complaint is dismissed, with costs and disbursements as taxed by the Clerk of the Court; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly.

| **9/9/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161205/2021   MALDONADO, LIZETTE vs. THE CITY OF NEW YORK**
**Motion No.  001**

Page 11 of 11

11 of 11