Pescales v Pax Ventures LLC

2026 NY Slip Op 02942

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Sameh Pescales, Appellant,

v

Pax Ventures LLC, et al., Respondents.

Decided and Entered: May 12, 2026

Index No. 653319/19|Appeal No. 6091-6092|Case No. 2024-06733, 2025-02577|

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ.

Himmel & Bernstein, LLP, New York (Tracey S. Bernstein of counsel), for appellant.

Kaufman Dolowich, LLP, Woodbury (Keith Gutstein of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 11, 2024, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for spoliation sanctions, unanimously modified, on the law, to deny defendants' motion for summary judgment dismissing the claim for retaliation under the New York City Human Rights Law and to grant plaintiff's cross-motion, and otherwise affirmed, without costs. Order, same court and Justice, entered April 11, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew his cross-motion for spoliation sanctions, unanimously dismissed, without costs, as academic.

The court should not have granted summary judgment dismissing plaintiff's claim of retaliation under the New York City Human Rights Law (City HRL). Plaintiff sufficiently demonstrated that he "opposed" the discrimination Egyptian employees faced at defendant Pax Ventures LLC and its retail stores (see Albunio v City of New York, 16 NY3d 472, 479 [2011]), and established temporal proximity between his protected activities and his termination (see Bateman v Montefiore Med. Ctr., 183 AD3d 489, 490-491 [1st Dept 2020]; see also Matter of Parris v New York City Dept. of Educ., 111 AD3d 528, 529 [1st Dept 2013], lv denied 23 NY3d 903 [2014]).

Defendants sustained their burden of proffering legitimate, nondiscriminatory reasons for terminating plaintiff's employment by showing that his role was eliminated as a part of a cost-cutting restructuring of Pax (see Sanders v Cooperatieve Rabobank U.A., 226 AD3d 606, 606 [1st Dept 2024]; see also Bantamoi v St. Barnabas Hosp., 146 AD3d 420, 421 [1st Dept 2017]). However, plaintiff raised a triable issue of fact under the City HRL as to whether unlawful retaliation was one of the motivating factors, even if it was not the sole motivating factor, for plaintiff's termination (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 127 [1st Dept 2012]). The evidence shows that between October 2016 and May 2017, a significant number of Egyptian employees complained about national origin and religious discrimination at Pax and its stores, and that plaintiff assisted these employees in having defendants address their complaints. There was also evidence that defendants were annoyed that plaintiff kept intervening in these employees' discrimination complaints.

Plaintiff also presented evidence that Pax hired a new employee to perform some of his responsibilities, and that the consultants defendants hired to help downsize the company did not name him or delegate his responsibilities in an email addressing employee terminations (see e.g. Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstien, LLP, 120 AD3d 18, 25-26 [1st Dept 2014]). Under the facts presented, it cannot be said that no reasonable jury could conclude that retaliation was a motivating factor in plaintiff's termination (see Melman, 98 AD3d at 131-132).

[*2]

The court correctly found that plaintiff failed to raise a triable issue of fact on his retaliation claim under the New York State Human Rights Law (State HRL), which requires evidence that the proffered reason is false and that discrimination was the real reason for his termination (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1002 [2d Dept 2021]). We note that although the State HRL was amended in 2019 to broaden its protections and apply a more liberal standard of liability akin to that of the City HRL, plaintiff's claims accrued upon his termination in 2017, prior to the October 11, 2019 effective date of the statute's amendment. It is apparent from the record that Pax closed a number of retail stores between 2016 and 2017, and that Pax itself was ultimately shut down in December 2018. Thus, defendants' reasons for terminating plaintiff's employment cannot be deemed "false."

However, the court erred in denying spoliation sanctions. Defendants breached their duty to preserve evidence by destroying retail store spreadsheets which were the only contemporaneous data on profits, payroll, and performance after litigation was reasonably anticipated (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 36 [1st Dept 2012]). Plaintiff's October 2017 warning against tampering with accounting and payroll records triggered a preservation obligation that required defendants to suspend routine destruction policies (see id.). Defendants cannot claim the records were deleted in the ordinary course of business, as a routine retention policy is no defense once the duty to preserve attaches (see id.). Further, sanctions are warranted where a party's negligence or intent deprives an opponent of the means of proving their claim (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 554 [2015]). Here, the destroyed spreadsheets are central to the issue of pretext. While defendants claim cost-based downsizing as the reason for termination, the destroyed data was the only evidence available to test whether the stores were actually underperforming or if plaintiff's termination was retaliatory. Because this unique, irrecoverable evidence was within defendants' exclusive control, its destruction is highly prejudicial. Accordingly, plaintiff should be granted an adverse inference charge at the time of trial.

Defendants' request to impose sanctions on plaintiff pursuant to 22 NYCRR § 130.1-1 for frivolous appellate litigation is denied. No sanctions are warranted as plaintiff has prevailed on appeal from the order dismissing his claim for retaliation under the City HRL and denying his request for spoliation sanctions. THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026